Good morning, Your Honors. May it please the Court, my name is Shannon Shepherd. I'm here on behalf of the petitioner, Herby Lugue, I believe you did pronounce it right, Your Honor. This case hinges on whether a state conviction involving a small amount of a controlled substance would necessarily be a felony conviction under federal law. But your theory seems to be that before something meets that test, you have to sit there and decide all the ways the prosecutor might have charged the crime. And that's a very sweeping claim because it's often the case that a prosecutor might charge a crime at one level and there's a lesser included offense, sometimes plea bargaining happens. And so I need some authority for approaching it that way because this crime, once you're inside this statute in Illinois, it's a felony. And so it would be a predicate offense. Yes, Your Honor. And the reason, though, that the analysis does end up being more complicated is because under Illinois law, most drug offenses are felonies. So, for example, the government even mentioned in their brief that simple possession under Illinois law would have also been a felony. Of this particular drug, of methamphetamine. Right, right. And under the federal law, it's not. As this court has mentioned and the U.S. Supreme Court also, the classification of controlled substance offenses under federal law tends to go along in practice based on the amount of the substance involved. And here that was less than five grams. Where do you get that federal law lets you possess any amount you want of methamphetamine as opposed to marijuana? I mean, there's 844, but that's marijuana. No, Your Honor. 844 mentions that it is unlawful to possess any of the substances listed in Section 841. I think it's 841B1C. Because there's the backdrop part of 841 that doesn't have any amount associated with it. Yes, Your Honor, and that's 841B1C. And then 841B1C covers all of the substances listed in 841B1A, which is also mentioned by reference in Section 844, which is the simple possession. Well, I don't know. I mean, I think you're over-reading 844. A lot of 844 is about saying you're allowed to possess controlled substances if you get them by prescription, for example. So you might have a morphine prescription. You're not allowed to have morphine just randomly, but if you have a prescription, you're fine. It's a very long and sort of cumbersome statute for sure. It is. that it's unlawful to possess any of the substances listed in 841, which would include methamphetamines, and that the penalty under 844 would be not more than one year, whereas, of course, the penalty under 841 would be more than one year. So what language exactly in 844 are you relying on? I'm looking at it. It states that the small – oh, no, I'm sorry. That's 844A. 844, I don't have the exact language in front of me, Your Honor. Because I honestly am having trouble. Maybe the government can address this as well. I believe it was about halfway down that very long, confusing paragraph, but it specifically includes all of the substances that are in 841, which means that under the federal law – So you don't think 841C means anything, this residual part of 841? Well, 841C lists the top end of the penalty. It says up to 20 years, except as stated in paragraphs A and B. And A goes towards people who are – A is the worst. B is – Right. And they go from 50 grams to 5 grams, and they list increasing minimum punishments for those amounts, and then they just never mention anything below 5 grams. So while it could still fall within the paragraph C, it also would seem that Congress was focused on these higher amounts of 5 and 15. But it means you could go under C. Methamphetamine is a controlled substance in Schedule II, and you can go up to 20 years. So why isn't that the end of it? Because the Supreme Court in Moncrief had set forth a two-pronged test. So the test – the first part of the test the government does meet here, which is that the offense has to prohibit conduct. That's an offense under the Controlled Substance Act. Right, right. But the second prong is that it must necessarily have been punished as a felony. And our argument, Your Honor, is that this is not necessarily a felony. It could have fallen within 844. It could even have fallen within 844A. To say that because there's no minimum amount listed in 841B1C, so therefore it could fall in there, is true. But it's also true of 844 and 844A because they also list the controlled substances, including methamphetamines. So that's where the analysis does get complicated. But I believe that the Supreme Court's test from Moncrief also makes it more fair, particularly for a case like this, where the amount is minuscule. It's less than 5 grams. And even though Illinois classes that as intent to deliver, they class everything as a felony. And he pleads to intent to deliver. He admits it. But as this court and the Supreme Court have stated, it's not necessarily what the state court offense is called. It's more how does it match to the federal statute. And so in that case, I think the analysis becomes a little more complicated, and it doesn't meet that second prong. Well, it's more complicated because we're undercutting what the purpose of the statute was anyway, not to keep people here who are dealing with drugs. Well, yes, Your Honor, and you're right. The petitioner does admit that he has a conviction for a controlled substance offense. The difference is whether it's classed as an aggravated felony. And under immigration law, the aggravated felony refers to trafficking offenses. So to say that having less than 5 grams of a controlled substance makes someone who's been in the United States for 20 years without any other problems as a trafficker is quite a bit more serious than just the regular controlled substance offense, in which case he would be eligible for cancellation of removal. Well, it saves some time for me, by the way. Yes, Your Honor. Thank you. Ms. Jones? Good morning, Your Honors. May it please the Court, my name is Juria Jones, and I represent the Attorney General. What's important here to denote is that petitioner was convicted of possession with the intent to deliver and not simple possession. That's why Section 844 doesn't apply. This specific provision under which he was convicted is analogous to 21 U.S.C. 841 with regards to possession with intent to deliver. That's why this is an aggravated felony, because it falls specifically under either 21 U.S.C. 841b1c or it could fall under 841b1e1. So under the Supreme Court's analysis under Moncrief, as well as this Court's analysis, this is categorically an aggravated felony. It's petitioner's burden to establish that he's eligible for cancellation of removal. And because petitioner has failed to do so, this Court should deny the petitioner for review. I really don't have anything much besides that. I mean, I'm afraid that it really is a very simple argument to make is that you aren't in 844, you're not in simple possession. You can't negate of what he was convicted of, and it's possession with intent to deliver. Yeah, he pleads to possession with intent to deliver, even though it's a very small amount. Right. So I suppose if he'd been convicted of simple possession of this methamphetamine under Illinois law, you would agree that 844 is implicated? It would be a different case. I won't concede that because I don't know. I'd have to do the analysis under that, but it would be a different case. You're absolutely right. We may or may not be in 841, but we are categorically in 841b1c or even e. And the fact of the matter is under b1c, there is no specified. That was Congress's intent. Congress intended to say under a and to have 50 grams or more of methamphetamine or 5 grams or more. But it was Congress's intent not to specify. And it's categorically a felony under federal law. And so for a petitioner now to mischaracterize his plea conviction to say it was simple possession is simply incorrect. And it is actually a felony under Illinois law. It is a felony under Illinois law. Exactly. Right. So, I mean, it makes the analysis even, I hate to say, that much easier. But that's why my argument is so short. You don't have to have a long argument to make us happy. So if you have any questions, I'm willing to answer them. But otherwise, we rest on our brief. All right. Thank you very much. Thank you. So I think you have a minute or two, Ms. Shepard, if you'd like to wrap up. Thank you, Your Honor. Just to reiterate, this Court and the Supreme Court have held that it's not so much what the state court entitles the conviction. Intent to deliver doesn't necessarily mean trafficking. Trafficking, the common sense. Where do you find that? Because every case I can remember says that's sort of the line between possession all by itself, that's one thing, possession with intent to deliver, there are hundreds of cases that say that's a trafficking offense. There is actually a case in this circuit, Munoz-Pacheco v. Holder, which we cited in our brief, where the government actually conceded that an Illinois conviction for possession and trafficking of cocaine was not an aggravated felony for these same purposes. And they didn't go a lot into the analysis there, but it seems to me that if the government conceded in that case that this would be a similar case. But is it possession or possession with intent to deliver? Possession and trafficking is what the case states, that the government conceded was not an aggravated felony, Your Honor. So the possession part wouldn't be. Yes. And to that point, Your Honor. But that's not what he admitted to. Right. But to that point, Your Honor, as I mentioned earlier, Illinois law does make most possession offenses felonies as well. And so that was the issue that came before this court in the Gonzalez-Gomez v. Akeem, which was later affirmed in Lopez v. Gonzalez, where even though Illinois titled possession of cocaine, I believe it was cocaine in that case, as a felony, that under the federal law it wouldn't necessarily have been. And it's that necessarily test from Moncrief that the government does not meet the second prong of that here, because it could have fallen within the other statutes. All right. Thank you very much. Thank you. Thanks to both counsel. We'll take the case under advisement.